United States District Court
Eastern District of New-York
----------------------------------------------------------------X
Raul Ham                                                                    ____cv_____

                        Plaintiff(s)                                   **COMPLAINT**

  -against-

THE CITY OF NEW YORK, NYPD ADRIAN KLUSEK, SHIELD #7981,
NYPD DET. COFFER ,NYPD POLICE OFFICERS JOHN DOE # 1 - 5,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,                                **JURY DEMAND**

                        Defendants,
----------------------------------------------------------------X

       Plaintiff RAUL HAM, by and through his attorney, WILLIAM T. MARTIN, Esq., complaining of the defendants herein, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the United States Constitution, and the laws of the State of New York.

       2.    Plaintiff RAUL HAM is an African-American male, resident and citizen of Staten Island, in New York City, New York State and the United States of America.

       3.    Plaintiff is a United States citizen who was deprived of his constitutional and common law rights when defendant(s) THE CITY OF NEW YORK, NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, falsely accused plaintiff(s) of crimes that he falsely identified him as a perpetrator of an armed robbery and did inflict psychological and emotional injuries and causing plaintiff(s) to lose his liberty by lodging false charges and pursuing a malicious prosecution of the plaintiff.

### JURISDICTION

1

1. This action is brought pursuant to the Civil Rights Act; 42 U.S.C. § 1983, 1985, 1986, and 1988, and the rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C.§1367, over any and all State law claims and causes of action, which derived from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and cause of action.

## VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) because the claims arose in this district.

## PARTIES

4. Plaintiff, RAUL HAM , (hereinafter " HAM " ) is a resident of Staten Island, in the City and State of New York.

5. At all times relevant herein, individual defendant(s) NYPD OFFICER ADRIAN KLUSEK, SHIELD #7981, WAS AN NYPD employee and at all times relevant herein, he was acting in the capacity of agent, servant and employee of the defendant City of New York and is being sued in his individual and official capacity.

6. At all times relevant herein, individual defendant(s) NYPD DET. COFFEY was an NYPD employee and at all times relevant herein, was acting in the capacity of agent, servant and

employee of the defendant City of New York and is being sued in his individual and official capacity.

7.     At all times relevant herein, individual defendant(s) NYPD POLICE OFFICERS JOHN DOE # 1 - 5, were NYPD employees and at all times relevant herein, they were acting in the capacity of agents, servants and employees of the defendant City of New York and are being sued in their individual and official capacity.

8.     Defendant CITY is a municipality created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department for the public good and it is an agency thereof and in part acts as its agent in the area of law enforcement and enforcing New York state and Federal criminal laws and various other rules, and regulations promulgated for law enforcement of the government(s) of the city and state of New York and U.S. federal governments.

## STATEMENT OF FACTS

9.     On or about November 12, 2017 at approximately 2:14 a.m. in vicinity of 843 Forest Avenue, in Staten Island the claimant was arrested by PO Adrian Klusek, shield #7981 of the 120 Pct.

10.    At the time, date, and location set forth above HAM was lawfully walking upon the sidewalk, when he was stopped by members of the New York City Police Department (hereinafter "NYPD". Det. Coffey participated in the arrest and prosecution and the police conducted a show up in front of 42 Elizabeth St., and the complainant (s) didn't pick the complainant out shortly after the hold up.

11.    The police accused HAM of being a perpetrator in an armed robbery with a co-

3

perpetrator. The police contended that HAM resembled the second of the two perpetrators (one was apprehended) because he was "dark skinned." The complainant did not identify HAM as the second perpetrator( who wore a mask that covered his face) and there was no evidence presented to implicate him in the criminal transaction other than the fact that he was a dark skinned African-American male. Despite the paucity of evidence implicating the plaintiff HAM, defendants Det. Coffey and PO Adrian Klusek caused the plaintiff Ham to be arrested, imprisoned (locked up) and incarcerated for a crime he did not commit and which was impossible to prove his involvement therein.

12. The plaintiff HAM was incarcerated after his arrest, he was thereafter arraigned and bail was set; unable to make bail resulted in his continue incarceration for several days later, until Ham was released without any bail because the prosecution was ill prepared to take the case before the grand jury. The plaintiff HAM had to hire an attorney to represent him on the false criminal charges which the individual police defendants had lodged against him, and there were multiple court appearances.

13. The case was dismissed on May 15, 2018 after multiple adjournments, because the prosecution was unable to proceed, due to the fact that the complainant reconfirmed his inability to identify HAM as the second perpetrator who wore a mask that covered his face.

14. On or about June 19, 2018 the plaintiff filed a Notice of Claim, a 50h hearing was conducted on August 27, 2018 and more than 90 days have elapsed since the filing of the Notice of Claim and the 50h hearing and the defendant CITY has not settled the claim.

**FIRST CAUSE OF ACTION**

4

## FALSE ARREST

15. Plaintiff HAM repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked "1" through "14" with the same force and effect as if more fully set forth at length herein.

16. That the aforesaid actions of the individual defendants constitute false arrest and/or imprisonment of plaintiff HAM in violation of the Constitution and laws of the City and State of New York and United States of America and without probable cause.

17. That NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, recklessly, wrongfully, maliciously and without probable cause physically detained plaintiff HAM, on or about November 12, 2017, and placed him under arrest.

18. That as a result of the false arrest without probable cause, plaintiff HAM was incarcerated for an extended period of time until he was ultimately able to make bail which was several days later.

19. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff HAM has suffered general, pecuniary and compensatory damages in the sum of Two Million Dollars (2,000,000.00).

## SECOND CAUSE OF ACTION

## FALSE IMPRISONMENT

20. Plaintiff HAM repeats, reiterates and re-alleges each and every allegation contained in

paragraphs marked "1" through "19" with the same force and effect as if more fully set forth at length herein.

21. The defendants acts and conduct constituted false arrest, an arrest without probable cause or justification and defendants violated plaintiff's rights under the Constitution and laws of the state of New York.

22. The defendants NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, created and filed false accusatory instruments which resulted in him being incarcerated and plaintiff HAM was conscious of such confinement and there was no legal basis and it was not otherwise privileged.

23. The individual defendants NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, were at all times agents, servants, and employees acting within the scope of their employment by Defendants CITY and N.Y.P.D and were aware of the fact that it was a crime to prepare and lodge a false accusatory instrument.

24. Plaintiff HAM was at all times material to this action lawfully on the street when he was accosted by the defendants NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, ORDERO, and was peacefully enjoying his right to be free from unreasonable search and seizure.

25. That the defendants NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, forcibly pulled and removed plaintiff from the street, while he was lawfully in public, and thereafter lodged false charges which they swore were

true.

26. That plaintiff HAM was arrested and jailed based on these false charges made against him by the defendants NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, . Upon information and belief HAM remained in detention for approximately three days.

27. The Staten Island District Attorney's Office dismissed the criminal charges which had been pending since November 12, 2017 against plaintiff HAM; and after conducting an investigation which consisted of interviewing witnesses and reading the individual defendants written submissions. The case was dismissed on May 15, 2018 in the Staten Island Criminal Court.

28. That as a result of the forgoing plaintiff HAM was deprived of his liberty and he was conscious of the deprivation of his liberty and imprisonment.

29. That by reason of the foregoing, plaintiff HAM suffered serious economic and emotional damages in the sum of Two Million Dollars ($2,000,000.00).

## THIRD CAUSE OF ACTION

## MALICIOUS PROSECUTION

30. Plaintiff HAM repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked "1" through "29" with the same force and effect as if more fully set forth at length herein.

31. That individual defendants the defendants NYPD ADRIAN KLUSEK, SHIELD #7981,

NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, brought charges against plaintiff HAM that were false, which they knew or should have known to be false through the exercise of due diligence.

32. That plaintiff HAM faced prosecution and the threat of incarceration on said false allegations, which were lodged by these individual defendants; when they knew or should have known that those charges were false; and based on the false statements of the individual defendants NYPD ADRIAN KLUSEK, SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, HE RISKED BEING INCARCERATED FOR A LENGTHY PERIOD OF TIME FOR AN ALLEGED ARMED ROBBERY.

33. That the charges and prosecution of plaintiff HAM was reckless, wanton, and malicious without any regard to the truth of the allegations, and/or the defendants conduct was in clear derogation of the plaintiff's rights.

34. The defendants knew that their charges were false, that HAM was being framed and that, but for making bail, they would have successfully incarcerated/punished an innocent man for the sole crime of walking while being a dark skinned African-American male.

That the charges were dismissed on the merits by a Judge of the Staten Island Criminal courts on May 15,2018.

35. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff HAM has suffered general, pecuniary and compensatory damages.

36. That by reason of the forgoing, plaintiff HAM suffered serious economic and

emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00) each.

## FOURTH CAUSE OF ACTION

## INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff HAM repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked "1" through "36" with the same force and effect as if more fully set forth at length herein.

38. That the defendants knew or should have known that they were filing false charges which were designed to inflict severe emotional distress and psychological damages to the plaintiffs who were aware of their innocence.

39. That the acts of the defendant caused emotional damage and suffering, anxiety, nervousness, insomnia, and public humiliation.

40. That the defendants knew or should have known that their actions were likely to cause upsetment and depression, and countless hours of anguish which were designed to cause emotional damage and injury to the plaintiffs.

41. That by reason of the forgoing, plaintiff HAM suffered serious emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) each.

## FIFTH CAUSE OF ACTION

## AGAINST THE CITY OF NEW YORK

42. Plaintiff HAM repeats, reiterates and re-allege each and every allegation contained in paragraphs marked "1" through "41" with the same force and effect as if more fully set forth at

length herein.

43. That as an employer of the defendants NYPD ADRIAN KLUSEK, Shield #7981, NYPD Det. Coffey, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, at the times of their intentional conduct, as set forth herein, the defendant CITY is liable to the plaintiff HAM under the laws of the defendant CITY and State of New York, for allowing said individual defendants to, while under color of law, was in fact in violation of plaintiff HAM's constitutional rights, while active members of the NYPD.

44. That as a proximate result of the aforesaid acts and omissions by defendants NYPD ADRIAN KLUSEK, Shield #7981, NYPD Det. Coffey, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, the plaintiff HAM has suffered general, pecuniary and compensatory damages.

45. That by reason of the forgoing, plaintiff HAM suffered serious economical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00) each.

**WHEREFORE**, Plaintiff HAM request judgment against the individual defendants NYPD ADRIAN KLUSEK, Shield #7981, NYPD Det. Coffey, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, and defendant CITY, as follows:

1. As against the individual defendants NYPD ADRIAN KLUSEK, Shield #7981, NYPD Det. Coffey, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, jointly and severally General and Compensatory damages in the sum of TWO MILLION DOLLARS ($2,000,000.00) on the causes of action herein,

2. As against the individual Defendants the defendants NYPD ADRIAN KLUSEK,

SHIELD #7981, NYPD DET. COFFEY, NYPD POLICE OFFICERS JOHN DOE # 1 - 5, JOINTLY AND SEVERALLY punitive damages in the sum of TWO MILLION DOLLARS ($2,000,000.00) on the causes of action herein, and

3. As against Defendant CITY OF NEW YORK, General and Compensatory damages in the sum of TWO MILLION DOLLARS ($2,000,000.00) on the Sixth Cause of action asserted against it, and

4. Cost of this action,

5. And such other and further relief as may deem to be just and proper.

Dated: Westchester, New York
July 29, 2019

*William T. Martin*
William T. Martin, Esq. WM4005
108 Village Sq., Ste. 143
Somers, N.Y. 10589
(866) 557-2275

## VERIFICATION

STATE OF NEW YORK         :
                          : ss.:
COUNTY OF WESTCHESTER     :

I, William T. Martin, Esq. being an attorney do hereby affirm and state under the penalties of perjury that:

I am verifying the contents of the instant complaint due to the fact that my client does not reside in the county where I maintain my offices.

I have read the foregoing complaint and know the contents to be true. The averments therein are true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief and as to hose matters I believe them to be true.

_____
William T. Martin, Esq.