UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAUL HAM,

                Plaintiff,                    **MEMORANDUM AND ORDER**

      v.                                       19-CV-5355 (RPK) (TAM)

ADRIAN KLUSEK,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      A jury trial in this case is scheduled to start on October 12, 2022. Defendant filed motions *in limine*. Plaintiff did not respond or file his own motions *in limine*. For the reasons stated below, defendant's motions *in limine* are granted.

## BACKGROUND

      According to the complaint, defendant Officer Adrian Klusek arrested plaintiff on November 12, 2017 in connection with an armed robbery. Compl. (Dkt. #1) ¶ 9. Plaintiff was imprisoned, arraigned, and held for "several days." *Id*. ¶ 12. The charges against plaintiff were later dismissed. *Id*. ¶ 13. Plaintiff then filed this civil suit. *See* Compl. The claims remaining to be tried are claims against defendant, under 42 § U.S.C. 1983, of false arrest and malicious prosecution. Joint Pretrial Order ("JPO") (Dkt. #26) 2; *see* Minute Entry and Order dated March 1, 2022.

      Defendant filed motions *in limine*, which plaintiff has not opposed. Def.'s Mem. in Supp. of Mot. in Limine ("Def.'s Mem.") (Dkt. #30); Def.'s Supp. Mem. in Supp. of Mot. in Limine ("Def.'s Supp. Mem.") (Dkt. #31). Defendant moves to preclude plaintiff from (i) calling two witnesses at trial; (ii) referring to defense counsel as "City attorneys," offering evidence of

1

indemnification, and mentioning the City of New York before the jury; (iii) eliciting evidence at trial of any officers' disciplinary histories, prior alleged misconduct, or prior lawsuits; (iv) requesting a specific dollar amount from the jury; (v) offering evidence at trial pertaining to intentional infliction of emotional distress; and (vi) mentioning unrelated allegations of officer misconduct and using inflammatory colloquialisms before the jury.  Def.'s Mem. 2–3.

## DISCUSSION

As explained below, I grant defendant's motions *in limine* to preclude certain evidence and argument.

I. **Witnesses Patricia Ham and the Unidentified Court Clerk**

In the Joint Pretrial Order, plaintiff stated that he intends to call a "Criminal Court clerk/designee" to "testify to the significance of a Certificate of Disposition" and Patricia Ham, plaintiff's mother, to "testify that her son suffers from insomnia and has so suffered for a long time" and that it is not unusual for him to take late-night walks as a result.  JPO 3.  Defendant moves to preclude the testimony of these two witnesses because plaintiff failed to identify them during discovery as required by Federal Rule of Civil Procedure 26.  Def.'s Mem. 3–4; Def.'s Supp. Mem. 1.

Federal Rule of Civil Procedure 26(a) requires a party to make an initial disclosure "of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."  "If a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  When reviewing a decision to preclude witness testimony under Rule 37, the Second Circuit considers: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as

2

a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

It is undisputed that plaintiff failed to disclose these witnesses as required by Rule 26. Plaintiff identified these witnesses for the first time in the Joint Pretrial Order, Defs.' Supp. Mem. 1, which courts in this circuit do not generally view as a proper Rule 26 disclosure, *see Merlite Inds., Inc. v. Valassis Inserts, Inc.*, 12 F.3d 373, 377 (2d Cir. 1993). The testimony of these witnesses does not appear especially important. Plaintiff's alleged insomnia is not a critical fact, and plaintiff will be able to testify about that fact himself. And plaintiff has not explained why the testimony of a clerk of court is necessary for the jury to be able to understand the certificate of disposition. Neither party has requested a continuance, and a delay would be impracticable due to the limited availability of trial dates on the court calendar. Even assuming that prejudice to defendant from admission of this testimony would be relatively limited, the *Sofitel* factors do not favor allowing this testimony.

## II. "City Attorneys" and Indemnification

Defendant moves to preclude plaintiff from making "any mention of the City," which is not a party to this action. Def.'s Mem. 7. I construe this motion as limited to references to the City's potential indemnification of defendant as well as to references to defense counsel as "City attorneys."

Consistent with the prevailing approach in this circuit, I preclude plaintiff from referring to defense counsel as "City attorneys." *Ross v. Guy*, No. 18-CV-1340 (WFK) (PK), 2022 WL 768196, at \*6 (E.D.N.Y. Mar. 14, 2022) (collecting cases); *see, e.g.*, *Tardif v. City of New York*, No. 13-CV-4056 (KMW), 2022 WL 1239233, at \*2–3 (S.D.N.Y. Apr. 26, 2022) (granting similar motion to preclude and noting this type of request is "standard" and based on a "valid concern").

3

Plaintiff is also precluded from referring to defendant's potential indemnification by the City because plaintiff has not suggested this indemnification is relevant to his claims and "[r]eferenc[ing] . . . possible indemnification by the City may . . . 'encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill.'" *Ross*, 2022 WL 768196, at *6 (citation omitted).

### III. Disciplinary Histories, Prior Alleged Misconduct, and Prior Lawsuits

Defendant moves to preclude plaintiff from inquiring about "any disciplinary histories, other prior allegations of misconduct, and/or civil rights lawsuits which have been filed against" defendant or any officer-witnesses.  Def.'s Mem. 9.

Federal Rule of Evidence 404(b)(1) limits the admissibility of evidence of witnesses' prior bad acts.  And here, plaintiff has not suggested any legitimate grounds for admitting the disciplinary history of, prior allegations of misconduct against, or civil lawsuits against any of the officer-witnesses.  Accordingly, plaintiff is precluded from inquiring into defendant's or any witness-officer's unrelated disciplinary, misconduct, or legal histories in front of the jury.  *See Banushi v. Palmer*, No. 08-CV-2937 (KAM) (JO), 2011 WL 13894, at *2 (E.D.N.Y. Jan. 4, 2011) (precluding similar inquiries when plaintiff "provide[d] no details to the court about the nature or content of the records at issue").  If plaintiff believes that a proper basis exists for such questioning, plaintiff must seek reconsideration of this ruling outside the presence of the jury.

### IV. Requesting a Specific Dollar Amount in Damages

Defendant moves to preclude plaintiff from suggesting a specific dollar amount in damages to the jury.  Defs.' Mem. 12.  The Second Circuit has indicated that "specifying target amounts for the jury to award is disfavored."  *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996).  Nevertheless, district courts have the discretion to "prohibit counsel from mentioning specific figures or" to "impose reasonable

limitations." *Scoma v. City of New York*, No. 16-CV-6693 (KAM) (SJB), 2021 WL 1784385, at *12 (E.D.N.Y. May 4, 2021) (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997)). Plaintiff has not made any argument as to why a request for a specific dollar amount would be appropriate here. Accordingly, I adhere to the practice of many other district courts in this circuit of prohibiting either party from suggesting a specific dollar amount in damages. *See, e.g.*, *id*. at *13 (collecting cases).

## V. Offering Evidence Pertaining Only to Intentional Infliction of Emotional Distress

Defendant moves to "only permit [p]laintiff to introduce evidence and theories of liability related to [p]laintiff's false arrest and malicious prosecution claims" "[b]ecause [p]laintiff has abandoned his intentional infliction of emotional distress claim against [d]efendant." Def.'s Mem. 13. This motion is framed at such a high level of generality that its disposition is not likely to provide much useful guidance to the parties. Nevertheless, defendant is correct that plaintiff may not introduce evidence unless it is relevant to the claims he is presenting at trial. *See* Fed. R. Evid. 401, 402. Accordingly, evidence relevant only to previously dismissed claims will be excluded. *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM) (LB), 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014) (precluding evidence at trial supporting claims that were dismissed upon summary judgment).

## VI. Unrelated Allegations of Officer Misconduct and Inflammatory Colloquialisms

Defendant moves to preclude plaintiff from mentioning unrelated allegations of misconduct and "from using terminology and colloquialisms including but not limited to such terms as 'testilying' and 'blue wall of silence.'" Def.'s Mem. 9, 14. This unopposed motion is granted under Rule 403. If plaintiff believes there is a proper basis for such references he should take up the issue before the start of trial.

5

## CONCLUSION

Defendant's motions *in limine* are granted. Plaintiff is precluded from (i) calling Ms. Ham and the unidentified court clerk as witnesses; (ii) referring to defense counsel as "City attorneys" or mentioning defendant's potential indemnification by the City; (iii) inquiring into defendant's or any witness-officers' unrelated disciplinary, misconduct, or legal histories; (iv) requesting a specific dollar amount in damages; (v) introducing evidence or arguments relating solely to plaintiff's dismissed intentional infliction of emotional distress claim; and (vi) mentioning unrelated allegations of officer misconduct and using inflammatory colloquialisms, in front of the jury.

SO ORDERED.

                                          */s/ Rachel Kovner*
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: October 10, 2022
       Brooklyn, New York